UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 14-4506 DSF (PJWx) | Date | 7/20/15 |
|---|---|---|---|
| Title | Patrick Willard Hedrick v. County of Ventura, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order DENYING Defendant's Motion to Dismiss, or Alternatively, Request for a More Definite Statement (Docket No. 47)

Defendant Niki Phongpitag moves to dismiss Patrick Willard Hedrick's Third Amended Complaint (TAC), which alleges that Phongpitag and Doe Defendants violated Hedrick's constitutional right to be free from cruel and unusual punishment.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for July 27, 2015 is removed from the Court's calendar.

On November 10, 2014, the Court granted a different set of Defendants' motion to dismiss Hedrick's First Amended Complaint (FAC).  (See Dkt. No. 34.)  Although the Court dismissed the FAC as to the named Defendants, the Court explained that "[t]o the extent challenged, Hedrick's [deliberate indifference] claim survives as to the Doe Defendants," and that "the allegations concerning the Doe Defendants plausibly support[] the inference that the Doe Defendants knew that Hedrick was in substantial risk of serious injury, yet disregarded this risk by ordering him to proceed alone."  (Id. at 1 n.2, 3 n.3.)  Nothing has changed since this ruling that warrants a different conclusion.  The factual allegations in the FAC are consistent with those in the Third Amended Complaint (TAC); the main differences are that Phongpitag has been added to the TAC (replacing the first Doe Defendant) and that all other non-Doe Defendants have been removed.  If anything, the TAC includes greater factual detail concerning the challenged incident and Phongpitag's participation in it.  (See TAC ¶¶ 11, 26-31.)  As before, Hedrick plausibly pleads that the individuals directly involved in the challenged incident – which now is alleged to have involved Phongpitag – were deliberately indifferent to the substantial risk

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

that Hedrick would be attacked by other inmates.  See Clouthier v. Cnty. of Contra Costa, 591 F.3d 1232, 1242-43 (9th Cir. 2010).  Hedrick's sole cause of action asserting a violation of his Fourteenth Amendment right to be free from cruel and unusual punishment may proceed.

Having determined that Hedrick's claim is plausibly pled, there is no basis on which to grant Phongpitag's alternative request for a more definite statement.

Phongpitag's motion to dismiss, or in the alternative, for a more definite statement is DENIED.

The Court DENIES Hedrick's request for fees.  Although the Court agrees that there was little basis to Phongpitag's motion, the decision to file does not rise to the level of a Rule 11 violation.

IT IS SO ORDERED.